# United States District Court
# Eastern District of California

| | |
|---|---|
| ERNEST DeTORE, | CV 08-2 TJH |
|     Petitioner, | |
|   v. | Order |
| RICH SUBIA, *et al.*, | |
|     Respondents. | |

The Court has considered Petitioner's petition for *habeas corpus*, together with the moving and opposing papers.

After re-sentencing by the trial court to correct state law technical errors, Petitioner filed a petition for *habeas corpus* claiming ineffective assistance of counsel.

The proper standard for attorney performance is that of reasonably effective assistance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). A convicted defendant's claim for ineffective assistance of counsel requires a showing of two components. *Strickland*, 466 U.S. at 687, 104

S. Ct. at 2064, 80 L. Ed. 2d at 693.  First, the defendant must show that counsel's performance was deficient.  *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed under the Sixth Amendment.  *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.  Second, the defendant must show that counsel's deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.  This means that counsel's errors were so serious as to deprive the defendant of a fair trial.  *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.  Unless a defendant makes both showings, it cannot be said that the judgment resulted from a breakdown of the adversarial system that renders the outcome unreliable.  *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.

Petitioner did not make a sufficient showing that counsel's performance was deficient.  Petitioner contends that counsel provided for his 2006 re-sentencing failed to inform the court that the sentence imposed should have been an aggregate of ten years.  However, in imposing the sentence, the court stated that each of the two-year terms would run consecutively to the principal count, resulting in an aggregate sentence of thirty-four years.  A legitimate claim of ineffectiveness of counsel cannot be predicated on the theory that counsel should have argued a false fact.  *United States v. Cronic*, 466 U.S. 648, 657 n.19, 104 S. Ct. 2039, 2046 n.19, 80 L. Ed. 2d 657, 666 n.19 (1984).

Petitioner, further, contends that appellate counsel refused to argue certain issues on appeal.  Petitioner claims that in filing a *Wende* brief (*People v. Wende*, 25 Cal.3d 436, 158 Cal. Rptr. 839 (1979)) appellate counsel refused to raise sentencing error, ineffective assistance of counsel, and denial of *Marsden* motions (*People v. Marsden*, 2 Cal. 3d 118, 84 Cal. Rptr. 156 (1970)).  The filing of a *Wende* brief does

not necessarily constitute ineffective assistance of counsel. California's *Wende* procedure provides a process for dealing with possibly frivolous appeals without violating an appellant's right to the minimum safeguards necessary to make the appeal adequate and effective. *Smith v. Robbins*, 528 U.S. 259, 276, 120 S. Ct. 746, 759, 145 L. Ed. 2d 756, 774 (2000). Upon concluding that an appeal would be frivolous, counsel files a brief summarizing the procedural and factual history of the case, allowing the appellate court to conduct a review of the entire record. *Smith*, 528 U.S. at 265, 120 S. Ct. at 753, 145 L. Ed. 2d at 767. Where the defendant has received appellate counsel who has complied with a valid state procedure for determining whether the defendant's appeal is frivolous, and the State has not at any time left the defendant without counsel on appeal, there is no reason to presume that the defendant has been prejudiced. *Smith*, 528 U.S. at 286, 120 S. Ct. at 765, 145 L. Ed. 2d at 781. Thus, the court presumes that the result of the proceedings on appeal is reliable, requiring the defendant to prove the presumption incorrect. *Smith*, 528 U.S. at 287, 120 S. Ct. at 765, 145 L. Ed. 2d at 781. Since a showing that counsel's performance was deficient has not been made, the *Strickland* standards have not been satisfied.

DeTore, also, contends that the trial court failed to inform him of his right to a *Marsden* hearing following his written request to appoint counsel other than the public defender's office. *Marsden* held that the trial court must afford the defendant an opportunity to express the specific reasons why he believes he is not being adequately represented by current counsel when he makes a request for the appointment of new counsel. *People v. Marsden*, 84 Cal. 3d 118, 125, 84 Cal. Rptr. 156, 160 (1970).

However, Petitioner's claim that counsel permitted the trial court to commit all the errors complained about, and his concern that the public defender's office might

1 | attempt to hide or correct the mistakes committed by trial counsel, do not amount to
2 | inadequate performance. Furthermore, when the court confirmed that the public
3 | defender would remain on the case at the November, 2006, hearing, Petitioner did not
4 | object, nor did he raise an objection at the sentencing hearing on November 28, 2006.
5 | DeTore failed to show that trial and appellate counsel performed deficiently or
6 | that the performance prejudiced the outcome of the case. Therefore,

8 | It is Ordered that the petition be, and hereby is, Denied.

10 | Date:  October 20, 2009

_____
Terry J. Hatter, Jr.
Senior United States District Judge